IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-090 |
| | ) | |
| ALAIN DEGREEF; WILLIAM BAILEY, | ) | |
| JR.; BRYAN CANNATA; ADRIAN | ) | |
| TILLMAN; and VINCENT MULLER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, incarcerated at Lee State Prison in Leesburg, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Augusta, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

**A.    BACKGROUND**

Plaintiff names as Defendants (1) Alain DeGreef; (2) William Bailey, Jr.; (3) Bryan Cannata; (4) Adrian Tillman; and (5) Vincent Muller. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was employed as a maintenance planner/scheduler and purchaser at the

Augusta branch of Solvay, a European-based corporation that manufactures plastic polymers and materials.  (Doc. no. 1, p. 5.)  As planner/scheduler and purchaser, Plaintiff scheduled weekly work and purchased parts as needed.  (Id.)  Plaintiff informed Defendant DeGreef that Defendant Muller, along with two John Does, were sneaking into his office after hours and impersonating Plaintiff on his work computer.  (Id.)  However, Defendant DeGreef did nothing about these allegations.  (Id.)

On an unspecified Friday, Defendant Bailey and Solvay's attorney called Plaintiff into the front office and asked him to leave the site and not return until he was notified.  (Id. at 6.)  Two hours after Plaintiff left, an anonymous person called to tell him Defendant Tillman had broken into Plaintiff's laptop, impersonated Plaintiff, and committed theft by conversion of tens of thousands of dollars.  (Id.)  Steve Givens, one of Plaintiff's vendors at Gexpro, also called to inform him Givens had received an email from Plaintiff's corporate computer attempting illegal transactions in Plaintiff's name.  (Id.)  Plaintiff called Loretta Davis to request she walk around to see if anyone was on Plaintiff's laptop, and she confirmed Defendants Bailey and Cannata were "doing something" on Plaintiff's laptop. (Id.)  As a result of these Defendants' actions, Plaintiff was fired from Solvay.  (Id.)

Plaintiff contends Defendants' actions constituted a conspiracy and violated his Eighth Amendment and due process rights because he was denied (1) an appellate hearing; (2) an explanation of the reason for his firing and an ability to understand the charges against him; (3) the opportunity to present witnesses; (4) the opportunity to present evidence and cross-examine adverse witnesses; and (5) prior notice or warning before he was fired.  (Id. at 7-12.)

## B.   DISCUSSION

### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2.      **Plaintiff Fails to State a Claim Because Defendants Are Not State Actors.**

Plaintiff fails to state a viable § 1983 claim against Defendants because none of them were state actors. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into

4

a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test') <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting <u>NBC, Inc. v. Communications Workers of America</u>, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Here, Defendants satisfy none of the three tests. Plaintiff does not allege any state involvement in the day-to-day operations of Solvay Corporation or its Defendant employees. Furthermore, the operation of a plastics business is not a traditional state function. Finally, there was no interdependence between Defendants and the state so as to constitute joint participation in Solvay's business. Indeed, the state was in no way involved in any of Defendants' actions affecting Plaintiff. Accordingly, as all Defendants were acting solely as private actors, Plaintiff fails to state a claim for relief against them.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of October, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5